IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| WILLIAM WEAVER<br>　　　　　　PLAINTIFF,<br>vs.<br>CHARLESTON COUNTY SHERIFF KRISTEN GRAZIANO, JAMES C. BREAUX, CHARLESTON COUNTY DEPUTY JOHN DOE, CHARLESTON COUNTY SHERIFF'S OFFICE, CHARLESTON COUNTY, CITY OF NORTH CHARLESTON, NORTH CHARLESTON POLICE DEPARTMENT, BENJAMIN PITNER<br>　　　　　　DEFENDANTS. | CA:   2:23-cv-1362-BHH-MGB<br><br>**COMPLAINT**<br>(JURY TRIAL REQUESTED) |

**COMES NOW**, the Plaintiff, Mr. William Weaver, by and through his undersigned attorneys, would respectfully show unto this Honorable Court as follows:

### PARTIES

1. The Plaintiff, William Weaver, is a citizen and resident of Charleston County, South Carolina.

2. The Defendant Charleston County Sheriff Kristen Graziano (hereinafter "Graziano") is the Sheriff of Charleston County and, upon information and belief, is the primary policymaker for the Charleston County Sheriff's Office and the Al Cannon, Jr. Detention Center.

3. The Defendant James C. Breaux (hereinafter "Breaux") upon information and belief is a resident of Charleston County and was at all times relevant acting under color of law and

1

in the course and scope of his duty as employee, agent, officer, and/or deputy of the Defendant Charleston County Sheriff's Office.

4. The Defendant Deputy John Doe (hereinafter "Deputy John Doe") upon information and belief is a resident of Charleston County and was at all times relevant acting under color of law and in the course and scope of his duty as employee, agent, officer and/or deputy of the Defendant Charleston County Sheriff's Office.

5. The Defendant, Charleston County Sheriff's Office (hereinafter "Defendant CCSO"), is a governmental agency and/or political subdivision created pursuant to the laws of the State of South Carolina and has facilities located in Charleston County, South Carolina. The Defendant CCSO is responsible for the policies, practices and customs of the Charleston County Sheriff's Office as well as the hiring, training, supervising, controlling and disciplining of its deputies and other employees.

6. The Defendant, Charleston County, is a County created pursuant to the laws of the State of South Carolina and has facilities located in Charleston County, South Carolina. At all times pertinent to this lawsuit, the Defendant Charleston County acted and carried on its business by and through its agents, servants, and/or employees.

7. The Defendant, City of North Charleston (hereinafter "Defendant North Charleston") is a Municipality created pursuant to the laws of the State of South Carolina and has facilities located in Charleston County, South Carolina. At all times mentioned in this lawsuit the Defendant North Charleston acted and carried on its business by and through its agents, servants, and/or employees.

8. The Defendant, North Charleston Police Department (hereinafter "Defendant NCPD") is a governmental agency and/or political subdivision of the City of North Charleston and State

of South Carolina and has facilities located in Charleston County, South Carolina. At all times mentioned in this lawsuit the Defendant NCPD acted and carried on its business by and through its agents, servants, and/or employees. Additionally, these agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties at all times hereinafter mentioned.

9. Defendant Benjamin Pitner (hereinafter "Officer Pitner") upon information and belief is a resident of Charleston County and was at all times relevant acting under color of law and in the course and scope of his duty as employee, agent, officer of the Defendant NCPD and/or Defendant City of North Charleston.

## JURISDICTION AND VENUE

10. An actual and justiciable controversy exists between the parties.

11. The incident took place in the City of North Charleston, Charleston County, South Carolina.

12. This Honorable Court has jurisdiction over the parties and the subject matters alleged hereinafter.

13. Plaintiff and Defendants Graziano, Breaux, Deputy John Doe and Officer Pitner are citizens of South Carolina.

14. Defendant City of North Charleston and North Charleston Police Department are South Carolina corporations with their principal place of business in South Carolina. This Court had jurisdiction over this action pursuant to 28 U.S.C. §1331 and jurisdiction over the parties.

15. Defendants CCSO and Charleston County are South Carolina corporations with their principal places of business in South Carolina. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and jurisdiction over the parties.

16. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

17. That on or about May 28, 2021, the Plaintiff Mr. William Weaver was stopped for allegedly driving under the influence around five (5) PM by unknown officers of the North Charleston Police Department.

18. An aggressive North Charleston Officer Pitner arrived on the scene and began to immediately and unlawfully search through Mr. Weaver's vehicle.

19. After arriving, Officer Pitner took over the investigation and acted condescendingly towards Mr. Weaver during Field Sobriety Tasks.

20. During the Field Sobriety Tasks, Officer Pitner began screaming at Mr. Weaver to "shut your mouth" upon Mr. Weaver's mere asking of questions to clarify instructions being given.

21. Officer Pitner ultimately arrested Mr. Weaver for the alleged violation of driving under the influence without completing a full battery of Field Sobriety Tasks.

22. Mr. Weaver was taken to the Charleston County Detention Center by Officer Pitner for a Breath Analyzer (BA)Test.

23. While in the BA room, Mr. Weaver initially was very calm and polite, handcuffs were removed and after being advised by Officer Pitner of the right to counsel, Mr. Weaver politely requested a lawyer; "can I have a lawyer, please".(Video 6.36)

24. Officer Pitner then stated that Mr. Weaver <u>did not</u> have a right to counsel/a lawyer at that time.

25. Officer Pitner started interrupting Mr. Weaver debating issues of the stop and advised that he would be bringing additional charges against Mr. Weaver, to which Mr. Weaver becomes obviously emotional and mentally distressed.

26. Mr. Weaver stood and looked through a window in the BA room and began to cry out for help from CCSO individuals on the other side of the window.

27. Mr. Weaver's emotional distress quickly developed into a mental health crisis as he repeatedly pled loudly for someone through the window to help him and speak with him.

28. During his passively desperate pleas for help, Mr. Weaver posed no imminent threat to the three (3) officers in the BA room as his back was turned to them and he was pleading for someone to help him.

29. Mr. Weaver cried out for help over sixty (60) times.

30. Deputy John Doe was called in and attempted to explain the process to Mr. Weaver while it was clear Mr. Weaver was having a mental health crisis.

31. Mr. Weaver threatened to kill himself over seventeen (17) times.

32. Officer Pitner, Deputy John Doe and others present negligently failed to recognize the mental health crisis and called in the Tactical Unit.

33. During the interactions with Deputy John Doe, Officer Pitner and the two (2) other North Charleston Police Officers' medical staff can be seen readily available outside the room.

34. A total of approximately eight (8) or more officers, deputies, and personnel have a passive Mr. Weaver backed into a corner of the confined room.

35. Despite not being an imminent threat to any of the multiple police officers, deputies, CCSO staff, and/or the public, Deputy Breaux from the Tactical Team arrived and quickly posed aggressive threats towards Mr. Weaver.

36. Deputy Breaux drew his taser/weapon as he failed to recognize the mental health crisis that Mr. Weaver was experiencing while Mr. Weaver continued to cry out for help.

37. Mr. Weaver asked Deputy Breaux "Does your thing have bullets in it"?

38. Mr. Weaver offered mere passive resistance/noncompliance to Deputy Breaux's commands and with no imminent threat to the officer or public from Mr. Weaver, Deputy Breaux fired his Taser striking Mr. Weaver in the chest.

39. As a result of being tased by Deputy Breaux, Mr. Weaver fell violently to the concrete floor breaking his wrist and arm and striking his head rendering him unconscious.

40. Deputy Breaux improperly deployed a second taser cycle on Mr. Weaver while Officer Pitner, as well as additional officers, piled on top of Mr. Weaver despite him being unresponsive on the ground.

41. Mr. Weaver was then dragged out of the room by his broken arm, taken off camera and put in a head restraint.

42. All Defendants, by and through their employees or through their individual capacities, were negligent and their negligence caused Plaintiff to suffer significant injuries and damages.

43. Plaintiff has incurred damages, injuries and losses, including, but not limited to, pain and suffering, psychological trauma, fear, nightmares, and post traumatic symptoms, as well as future pain and suffering, future psychological trauma, future fear, future nightmares, and future post traumatic symptoms, as a result of all Defendants' acts and/or omissions, referenced above.

## FOR A FIRST CAUSE OF ACTION
### (Negligence/Negligent Training, Supervision, Control, and Discipline)

44. Plaintiff re-alleges and incorporates by reference all allegations set forth above as if repeated verbatim.

45. Defendants had a duty to train, supervise, control, and discipline their employees, agents, and legal representatives on departmental policies and procedures and their application thereof when interacting with the public.

46. Defendants breached this duty to exercise reasonable care to train, supervise, control, and discipline their employees, agents, and legal representatives on departmental policies and procedures.

47. The actions of the Defendants in their failure to train, supervise, discipline, and control their employees, agents, and legal representatives demonstrates deliberate indifference on the part of the Defendants.

48. All Defendants named herein were negligent, grossly negligent, reckless, willful and wanton, and acted in an utter disregard for the rights of the Plaintiff in one or more of the following particulars:

    a. In failing to exercise due care under the circumstances;

    b. In failing to properly train, supervise, and control their officers on de-escalation policies and procedures;

    c. Negligent hiring of employees, agents, officers, and legal representatives;

    d. Negligent training of employees, agents, officers, and legal representatives;

    e. Negligent supervision of employees, agents, officers, and legal representatives;

    f. Failing to maintain proper control of the area;

    g.    Failing to recognize a mental health crisis and acting accordingly through policy and procedure; and

    h.    Other particulars that will be discovered prior to trial.

49. The above-mentioned failures to adequately supervise, train, discipline, and control the employees, agents, or officers was a direct and proximate cause of the injuries and damages sustained by the Plaintiff as described above.

50. As a direct and proximate consequence of the above-mentioned failures, the Plaintiff was injured and damaged and is entitled to compensation from the Defendants for those injuries and damages sustained, including recovery of punitive damages, in an amount to be determined by a jury.

## FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 Excessive Force & Fourteenth Amendment Rights)

51. Plaintiff re-alleges and incorporates by reference all allegations set forth above as if repeated verbatim.

52. By the acts and omissions described above, Defendants named in this cause of action violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

    a.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.    The right to be free from excessive and unreasonable force in the course of searches and/or seizures as secured by the Fourth and Fourteenth Amendments;

    c.    The right to be free from the use of unlawful force as secured by the Fourth and Fourteenth Amendents;

  d.  The right to be free of unlawful, reckless, deliberately indifferent, and the use of conscience shocking deadly and/or excessive force as secured by the Fourteenth Amendment;

  e.  The right to be free from deprivation of liberty and injury without substantive due process and from state created/enhanced danger as secured by the Fourteenth Amendment;

  f.  And in such other particulars as may be learned through discovery.

53. As a direct and proximate result of the Defendants' acts and/or omission as set forth above, Plaintiff sustained injuries and damages as otherwise set forth in this Complaint.

54. The conduct of the above-named Defendant Officer Pitner, Deputy John Doe, and Deputy Breaux in their individual capacities entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and the South Carolina Code.

55. Plaintiff is entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and applicable South Carolina Codes and laws.

**FOR A THIRD CAUSE OF ACTION**
**(42 U.S.C. § 1983 Deliberate Indifference)**

56. The unconstitutional actions and/or omissions of the Defendants as well as other officers employed by or acting on behalf of these Defendants, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers:

  a.  To teach or tolerate the improper handling, investigation and arrest/seizure of a citizen;

b.  To create unnecessary danger and risk of harm or death, with deliberate indifference, to citizens of/in Charleston County;

c.  To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct;

d.  To use or tolerate inadequate, deficient, and improper training for use of lethal force, arresting, investigating incidents, interrogations, questioning, and other use of conduct; and

e.  As may otherwise be learned during discovery in this case.

57. All Defendants named above in this cause of action described herein subjected Plaintiff to their wrongful conduct and deprived Plaintiff of rights described herein knowingly, maliciously, consciously and with reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

58. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of the above-named Defendants in this cause of action, Plaintiff sustained serious harms and losses and is entitled to damages, penalties, costs and attorney fees as set forth above, including punitive damages.

**FOR A FOUTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

59. Plaintiff re-alleges and incorporates by reference all allegations set forth above as if repeated verbatim.

60. Defendants, through their actions, intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from their conduct.

61. Defendants' conduct resulted in severe emotional distress, mental anguish, humiliation, outrage, and depression.

62. Defendants' conduct was extreme and outrageous, to the point that it exceeded all reasonable bounds of decency.

63. The distress Plaintiff suffered is of a kind no reasonable person could be expected to endure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following:

A. That this Honorable Court grants all of Plaintiff's Causes of Action;
B. Compensation for Actual, Incidental and Consequential damages, and Punitive Damages;
C. Attorney's fees and costs of filing this action; and
D. Any other relief that this Honorable Court deems fair and just.

Respectfully submitted,

*s/Edward L Phipps*
Edward L. Phipps (SC Bar No. 70252) (Fed Bar No. 8053)
Phipps Law Firm, LLC
571 Savannah Highway
Charleston, South Carolina 29407
Phone: 843-300-4444
edward@phippslawfirm.com

*s/ Ravi Sanyal*
Ravi Sanyal, (SC Bar No. 63854) (Fed Bar No. 7586)
Sanyal Law Firm, LLC
778 ST, Andrews Blvd,
Charleston, SC 29407
Ravi@Sanyallaw.com

*Attorneys for the Plaintiff*

Charleston, South Carolina
April 4, 2023